RECEIVED

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

COUNTER CLAIM

**LARRY AYERS WILKE**

Defendant, Pro se

VS.

Kayla Sprayberry Driggers et. al.

AND

CITY OF TROY ALABAMA et. al.

Case No.s

2:19-cv-349-WKW-WC
TROY MUNINCIPLE COURT #S
18N1063
19N0237
19N0213

and individually

Jason Reeves, Mayor

Beanie Ginright, Front desk receptionist

Alton Starling, City Clerk and treasure

Brian Chandler, City Engineer/ electric, sewer, water

Charles (Chuck)Ingram Building Inspector

Michael Stephens, Fire Chief

Thomas Outlaw Estate, former fire chief (Posthumously)

Case No:

date

**Mathew M. Baker, Municipal Court Judge**

**Diane N. Chance, Magistrate**

**Neal Armstrong, Municipal Court Clerk/Administrator**

**Randall Barr, Chief of Police**

**Captain Barron, Officer**

**The entire Troy Police Department John Doe(s) (name request denied )**

**Trent Crawford, Operations Manager of City Airport**


**And**


**Pike County Alabama**

*and individually*


**Russell Thomas, Sheriff**

**John Doe(s), Deputy Sheriffs (false arrest Goshen. Al)**

**Wesley Allen, Former Pike County Probate Judge**

**Jamie Neeley, Pike county Clerk of the Court**

**Shannon Clarke, Pike county Circuit Judge**


**And**


**City of Tallassee Alabama**

*and individually*

**Matt Higgins, Chief of Police**

And

**Sanders Lead Company et. al.**

*and individually*

Kenneth Campbell

And

**Pee Wees Towing and Collision et. al.**

And

**THE MESSENGER et. al. (Parent and Troy)**

And individually Stacy Granning

And

**Publix Supermarkets et. al.**

And individually

**Sean Montgomery, assistant manager Troy**

And

**William Mathews Jr. (Ozark Attorney)**

And

**BB & T Branch Banking et. al.**

Case No:

date

**And individually**

**Cody**

**Tenesha Whatley**

## History:

Available to this court are numerous and extensive supporting court documents (exhibits, pleadings, motions) that have been filed primarily, though not solely, in federal jurisdictions. These documents are best summarized by ALMD case No: 2:17-cv-399-MHT-SRW (amended). It is followed by ALMD case no: 2:17-cv-00399-ECM-SRW. There are literally hundreds of documents available on PACER available through the Federal Court Pacer System and fully accessible to attorneys and others who qualify through Pacer.

Certification of facts leading to the instant cross complaint

--January 2014 to present--

The original history has its beginning in Indian River County Florida circa 2014 but was subsequently moved to ALMD via the Long Arm Statute and Federal Judge Myron H. Thompson. The original complaint was filed in the ALMD and was subsequently sealed by Judge Thompson. The case is, in the words of the ALMD, extremely complex and encompasses a great divergence of individuals, organizations and

professionals. Those summoned include police officers, hospital administrators, doctors and nurses, to name a few.

The relief being sought varies from thousands to tens of millions. ($40,000,000.00 million in damages and $60,000,000.00 in compensatory for a total of $100,000,000.00.

Involved in the State of Florida are deeply entrenched criminal elements steeped in the trafficking of drugs. A great portion of the entire fabric of the social network, to include dangerous criminals, who kill for money or drugs are intertwined.

As a consequence of the ongoing severity of the threat of physical harm to the defendant's self and the defendant's family a Federal Protection Order was issued by Judge Thompson which includes the protective services of the DOD. Also involved is high tech surveillance by the use of drones and other high tech devices, to include what appear to be wire taps and other forms of FBI surveillance.

To the instant matter:

Mr. Driggers along with Trent Crawford began Flying a drone over the defendant's house. They were first asked to stop and then told to stop.

The defendant asked the Troy Police Department for assistance in photographing the drones. The Troy police Department told the Defendant to "do it himself". Further assistance was sought from the Troy Police Department but was denied. The apparent reasons are complex but are easily explainable. The flimsy reasons are felonious at best, criminal at worst.

The low altitude surveillance by Mr. Driggers and Mr. Thomas was in a word "unacceptable".

Trent Crawford is employed by both the City of Troy and Kenneth (Kenny) Campbell the CEO/ President of Sanders Lead and KW Plastics.

The Defendant made numerous attempts via both telephone and email to enlist the aid of Mr. Campbell in stopping the overflight. Enters Wanda Crawford who has bigger 'nads' than Trent Crawford and appears to be on drugs (Tardif dyskinesia) (see police report)

For in excess of a year the house at 101 Surry Ave has been bombarded with EMF's (electromagnetic fields and what is now probably DEW's (directed energy waves). These are lethal forms of low voltage radiation in which drones are used to assess the damage they are inflicting as well as to aid the direction of the micro beam. The defendant has sought medical help for physical trauma now extending into the thousands of dollars.

Because of the actions of Mr. Driggers and the conspiratorial nature of the entire rat's nest, the Defendant as well as multiple other parties have been severely and permanently damaged by criminal cohorts of the Defendants herein (partially) listed.

What was a civil case is now criminal. Multiple criminal complaints have been filed. The criminal assaults are now punishable by imprisonment.

In steps Kayla Sprayberry Driggers with a felonious falsified affidavit. Her devious actions have been followed by a host of drug invested dimwitted players attempting similar stupid moves in an effort to stop the apparent onslaught of unwary suckers being sucked into a vortex of foreboding justice.

## CERTIFICATION

I attest that the foregoing statements are true and if found to be false I am subject to punishment.

_____

Larry Ayers Wilke

_____

## Notary

Case No:

date

## Statement of Claim

1. Plaintiff, Larry Ayers Wilke, resident of the State of Alabama, citizen of the United States, alleges fraud, false imprisonment, conspiracy, assault, computer fraud, intentional infliction of emotional distress, , and interference with Due Process.

2. The Plaintiff brings this action to obtain personal monetary damages, punitive monetary damages and a permanent injunction against the Defendants to cease and desist criminal interference with the Plaintiff's life. The Plaintiff brings this action for all equitable relief from the defendants and their proxies as may be provided by the Court.

## JURIDICTION

3.  Jurisdiction is conferred upon this Court in settling matters concerning disputes in amounts in excess of $100,000,000.00. Additionally, the Court has the authority to further assess the Defendants as the Court may see fit ). Venue is derived from the fact that the defendants reside in Alabama. The substantiation and validation of some occurrences will necessitate the forensic capabilities of the F B I, to positively identify ownership of evidence.

4.  Plaintiff seeks to settle all matters involving the multiple defendants before this Court in as much these matters contain multiple causes of action with violations common to a core of allegations against *all* of the defendants. The plurality of prosecuting the sum total of the complaint involving multiple defendants saves both the Courts' time and government expense.

## COUNT 1   FRAUD

5.  The defendants, the City of Troy, Alabama and its multiple employees, contractors, cohorts and criminals together submit *fraudulent reports in an effort to (wrongly) substantiate their illegal acts*.

### COUNT 2  False Imprisonment and False Arrest

Multiple falsified document to be subpoened

### COUNT 3    CONSPIRACY

7.    The Defendants conspired and colluded with the City of Troy to promote salacious lies, thwart justice and in general aid the criminals in a continuous effort to drive the Defendant from the city.

### COUNT 4  ASSAULT

The assault via the EMF as well as the DEW will have to be verified via the DOD records s well as the FBI's  (to be subpoened)

### COUNT 5   COMPUTER FRAUD

9. The Plaintiffs computer was hacked intermittently from (5/21/2015 to present). The information retrieved provided access to the Plaintiff's personal business. The hard drive was crashed and had to be restored.

The purpose of the hacking was to provide a continuum of information to the criminal element entangled with the defendants. The information is then used in the defendant's harassment of the Plaintiff. The computer fraud and its concomitant illegal activities are designed to thwart the Plaintiff's legal pursuit of the defendants. The defendants, the City of Troy, their proxies and operatives were responsible for the illegal invasion of the Plaintiff's personal records and further illegal manipulation of the Plaintiff's computer.

COUNT 6     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

10. The hacking of the Plaintiff's computerized personal records is designed to cause the Plaintiff constant mental duress. The hacking of the Plaintiff's computer is, as explained by the City of Troy, Alabama's retired Police Chief Ennis, is a veiled threat used by criminal defendants to dissuade would be citizens from seeking prosecution of those criminally involved. The harsher

reality of these minor threats, paid for and maintained by organized drug rings in their effort to dissuade whistleblowers, can involve the physical safety of one's family. It is common knowledge that large scale illegal drug activities are rampant in the counties surrounding Troy, Alabama and Troy University. There is also a curious association with The Alabama Judiciary who is tasked with persuing accusations against city officials. The looming reality of physical violence associated with large drug related operations such as the one herein involved, makes these seemingly innocuous incursions assume nightmarish proportions. The Plaintiff, as well as the Plaintiff's family, has to constantly exercise an awareness of criminal mischief if not outright assault not associated with the normal tasks associated with daily living.

### COUNT 7  INTERFERENCE WITH DUE PROCESS

The City of Troy Municipal Court Administrator as well as various Magistrates collude with law enforcement agencies to falsely arrest and intimidate scores of innocent victims in a kangaroo court whose victims are predominately black. The whole charade amounts to little more than a sham to bilk poor blacks out of thousands of dollars.

## RELIEF

The Plaintiff seeking relief in the instant matter considers this action to be only 'a tip of an iceberg'. The Defendant (counterclaimant) In his well-reasoned opinion, finds the matter to be a clear cut example of unbridled corruption. The Plaintiff has proceeded Pro se by necessity, and has been unable to <u>retain any</u> counsel. Both the Court, the defending attorneys and the Plaintiff know why. Added to the strange mix, the Plaintiff having to appear pro se, is eliminated from Qui tam suits, Financial Gain suits, and Class Action suits. While the current claim is being pursued as a civil matter, its nucleus is by necessity entwined with criminality.

The State of Alabama alone has more opioid addictions per capita than any other state. To go along with that, there are more children in orphanages per capita than in any other state.

This complaint is tied at the waist with the Defendant's (Counterclaimant) initial claim known as ALMD Case no: 2:17-cv-399-MHT-SRW

The everyday citizen has neither the time, the resources nor the ability to avenge his illegal treatment. The obvious result is that the average citizen is

incapable of seeking recourse. This very fact emboldens the conniving corruption so prevalent in today's sick society

An adjunct issue requiring a Court's intervention involves the rat's nest of corruption swirling throughout government, These abuses need to be publically explored and their widespread use investigated and curtailed if not halted.

The Plaintiffs elementary investigative techniques used in the promulgation of this claim quickly led the Plaintiff into the dark field of widespread corruption. The Plaintiff's investigation of corruption led quickly to the feet of 'respected' officials as well as to well-known individuals in private business. Those operating within this criminal shroud not surprisingly do so with obvious impunity. These lecherous individuals have no fear of retribution in as much as they are shielded from prosecution by a web of corrupted officials. The shielding effects of this corruption therefore provides a perverse confidence of the criminals resulting in even more corruption. It is in a word 'sickening'.

The Plaintiff wishes to reserve the right to amend this claim if and when he is able to employ the use of competent and honest legal counsel. The Plaintiff

clings tenuously to the rights extended by the precept 'Equal Justice under Law'. A more precise advancement of the aforementioned accusations is obviously beyond the scope of the Plaintiff's education and legal abilities. As an example, simple straight forward FOIA requests by the Plaintiff to entities tasked with the implementation of safeguarding the public's health simply go unanswered. This Court, opposing counsel, as well as the Plaintiff know why.

The issue can be explored by following the money. Courts have at their discretion the use of money to dissuade would be criminals and scofflaws from engaging in the obvious 'corruption which has inadvertently been provided by the states in their bogus legislative acts. Thus these degenerates foist upon the weak further injustice by heaping revenue producing fines upon the great masses who are unable defend themselves and must rely on public defenders who oft times are more worried about the lunch menu than justice.

The number of citizens adversely affected by the misapplication of these laws is mind numbing.

Whereupon the Plaintiff seeks personal damages in the total amount of $2,000,000,000.00 and Punitive damages n the amount of $4,000,000,000.00.

Demanded in the following amounts are:

*TO PRO-RATE IN THE AMENDED COMPLAINT*

While this suit can by no means 'rid Alabama of corruption and of its drug infestation, it will have the chilling effect of giving a substantially large group of those allegedly guilty, some serious heartburn.

It may also instill in many a healthy dose of introspection followed by an even more haunting prospect of incarceration.

The Plaintiff has, in writing, regularly chided in advance all parties of a looming court action. The Plaintiff, in a gesture of fair play, has encouraged all defendants represented by counsel, and otherwise, to retain adequate counsel in advance of the litigation so as to prepare their defenses.

Hereby the Plaintiff begs this Court, in the interest of fairness and justice, for an early and expeditious hearing. Time is of the essence in the face of looming national political unrest as well as the severe financial instability created by runaway quantitative easing either of which contains the probability of rendering a resolution to this matter to be beyond the 75 year old Plaintiffs' natural lifespan.

SIGNATURE BLOCK

Respectfully Submitted:

s/ _____
Larry Ayers Wilke
5/14/2019

Case No:                                                                                              date

Larry Ayers Wilke

Pro se

101 Surry Avenue

P.O. Box ~~1081~~ 116

Troy, Alabama 36081

(850) 557 4586 *IN THE HANDS OF THE F.B.I*

~~e-mail eklivv711@gmail.com~~
NA.

Case No:                                                                                      date