IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY AYERS WILKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cv-349-ECM-WC |
| | ) | |
| KAYLA SPRAYBERRY | ) | |
| DRIGGERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The *pro se* plaintiff, Larry Ayers Wilke ("Wilke" or "Plaintiff"), brings this 42 U.S.C. § 1983 action against thirty-two separate defendants. The Complaint was filed in this court on May 14, 2019. To date, the defendants have not been served. *See* Fed. R. Civ. P. 4(m). On September 6, 2019, the court issued an order directing Wilke to "show cause why this action should not be dismissed for failure to timely perfect service." Doc. 5. Plaintiff had a deadline of September 20, 2019, to perfect service of process or show cause for his failure to do so. Wilke was specifically warned that his failure to comply could lead to the case being dismissed.

To date, Wilke has failed to file anything responsive to the court's order. On September 20, 2019, Wilke filed a response directing the court to review all of the documents in the numerous cases that he has filed as support for his complaint in this matter. Doc. 7. Wilke did not address the service of process issue at all in his response. Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f service of the summons and

complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice.... [I]f the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."  "When a plaintiff fails to perfect service of process within the 120-day period, the court may dismiss the action or grant an extension of time to serve process for either 'good cause' or another sufficient ground unless the plaintiff can show good cause or establish sufficient grounds for an extension of this time period." *Smith v. Hyundai Motor Mfg. Of Ala*, No. 2:08CV195-MHT, 2008 WL 4372456, at *1 (M.D. Ala. Sept. 22, 2008) (citing *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir. 2005)).

The time allowed for Wilke to perfect service of process expired on August 14, 2019.  The court's September 6, 2019, Order provided Plaintiff an opportunity to provide the court with good cause warranting an extension of time for service.  However, Plaintiff has failed to allege the existence of good cause.  The court, therefore, concludes that Plaintiff has abandoned his claims, failed to comply with orders of this court, and failed to prosecute this cause of action.  Consequently, this case is due to be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for the Plaintiff's abandonment of his claims, failure to prosecute this action, and failure to comply with the orders of the court.

It is further

ORDERED that Plaintiff may file any objections to this Recommendation **on or before October 10, 2019**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 26th day of September, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE